```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 27 MAY 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
                                  :
NEELU PAL, M.D.,                     :

                   Plaintiff,    :    06 Civ. 5892 (PAC) (FM)

          - against -           :    ORDER

NEW YORK UNIVERSITY,        :

                   Defendant.   :
---------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

      A bench trial was commenced in this retaliatory discharge action on May 3, 2010. After the close of Plaintiff's case the parties informed the Court that a settlement had been reached and the trial was suspended on May 6, 2010. Shortly thereafter, the Court received letters from the New York Times and Thomson Reuters requesting access to the trial exhibits.[1] Defendant New York University ("NYU") objects to the disclosure of certain of the trial exhibits and asks the Court seal the objected to exhibits.[2]

      Documents submitted to the Court for its consideration in connection with a bench trial are "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Lugosh v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006); see also United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful to the judicial process."). The presumption is, however, rebuttable. Documents may be sealed if "'countervailing factors' in the common law framework or 'higher values' in the First

---

[1] The New York Times and Thomson Reuters have not moved to intervene.
[2] Plaintiff takes no position on whether the exhibits should be sealed.

1

Amendment framework so demand." Lugosh, 435 F.3d at 124. NYU does not challenge the applicability of the more rigorous First Amendment framework, under which the sealing of exhibits "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. (citing In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

NYU does not object to the following exhibits being disclosed: Defendants' Exhibits A, C, O, Y, A1, B1, C1, D1, E1, N1, P1, Q1, S1, T1, W1, C2, E2, F2, C4, E4, F4, W4, E5, D5, C5, F5, G5, H5, N5, O5, R5, C6, W6, A7, B7 and C7; Plaintiffs' Exhibits 7, 13, 14, 15, 16, 17, 18, 19, 20, 30, 31 and 34. These exhibits will be filed on the Court's docket.

NYU does object to the disclosure of Defendants' Exhibits D and R1 and Plaintiffs' Exhibits 4, 6, 8, 11, 21, 22, 25 and 33. NYU bases its objection on three principal grounds. NYU's first argument is that many of the exhibits contain confidential and sensitive patient information. The argument is well founded, see Amodeo, 71 F.3d at 1050 ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"), but NYU's proffered remedy is overbroad. NYU asks the Court to seal the exhibits containing confidential patient information in their entirety. The appropriate "narrowly tailored" course is, however, to redact all information identifying the patients. See Lugosh, 435 F.3d at 124. NYU is accordingly directed to make the appropriate redactions to Defendant's Exhibit R1 and Plaintiff's Exhibits 21, 22 and 25. NYU will submit the redacted exhibits for filing by June 3, 2010.

NYU's second argument is that exhibits regarding a Morbidity and Mortality ("M&M") report prepared by Plaintiff should be sealed because M&M reports are used by NYU as internal tools to improve the quality of patient care. The argument is that disclosure of the exhibits will disincentivize medical providers from undertaking self-review in the future. NYU points out that New York has enacted statutes preventing disclosure of internally created materials used to improve patient care. See N.Y. Pub. Health Law § 2805-m; N.Y. Educ. Law. § 6527. And the New York Court of Appeals has recognized the importance of these statutes. See Logue v. Velez, 92 N.Y.2d 13 (1998). In light of the statutes and the importance of medical care providers undertaking efforts to enhance the quality of patient care though self-evaluation, the Court agrees that the exhibits pertaining to the M&M report must be sealed. Accordingly, Defendants Exhibit D and Plaintiff's Exhibits 8, 11 and 33 will be sealed.

Finally, NYU contends that two exhibits pertaining to NYU's investigation of "credentialing issues" in the practice of Drs. Christine Ren and George Fielding should be sealed. NYU argues that like the M&M reports, the exhibits involve "peer review." NYU, however, stretches its quality of patient care and self-evaluation argument past the breaking point. The objected to exhibits do not involve patient care, instead they involve the findings of NYU's investigation into fellows who were permitted to work in the NYU bariatric program without the proper credentials. NYU's request to seal Plaintiff's Exhibits 4 and 6 is denied.

To summarize, NYU's request to seal Defendant's Exhibit D and Plaintiff's Exhibits 8, 11 and 33 is GRANTED. NYU's request to seal Plaintiff's Exhibits 4 and 6 is DENIED. NYU is directed to make the appropriate redactions to Defendant's Exhibit

R1 and Plaintiff's Exhibits 21, 22 and 25. The redacted exhibits will be submitted for filing by June 3, 2010. In the event NYU wishes to appeal, this Order will be held in abeyance, and the objected to exhibits will not be filed, until June 3, 2010. The unobjected to exhibits will be filed immediately.

Dated: New York, New York
      May 27, 2010

                                      SO ORDERED

                                      PAUL A. CROTTY
                                      United States District Judge