UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NEELU PAL, M.D.,                                :

                          Plaintiff,            :

            - against -                         :          06 Civ. 5892 (PAC) (FM)

                                                :
NEW YORK UNIVERSITY,                            :          ORDER

                                                :
                          Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED: March 25, 2011           │
└─────────────────────────────────────┘
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant New York University ("NYU") moves for reconsideration of the Court's Order of May 27, 2010 denying its request to seal two exhibits submitted at trial by Plaintiff Neelu Pal ("Pal"). Pal v. N.Y. Univ., No. 06 Civ. 5892(PAC)(FM), 2010 WL 2158283 (S.D.N.Y. May 27, 2010). The New York Times and Thompson Reuters requested access to the exhibits but have not formally intervened. The motion is opposed by Pal, who claims that she needs these documents to explain her termination to prospective employers. As noted in the May 27, 2010 Order, Pal had taken "no position" when the media first sought access to these exhibits. Despite her lack of opposition, the Court determined that New York's quality assurance privilege did not require sealing these two exhibits because they do not concern patient care; they contain the findings of NYU's investigation into fellows permitted to work in the bariatric program without proper credentials.

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (internal quotation marks omitted). "The standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Hinds County, 700 F.Supp.2d at 407 (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)). None of these bases for reconsideration applies here. Rather, NYU essentially asserts the same arguments that were rejected in the May 27, 2010 Order, the reasoning of which is still valid. Accordingly, the motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at Docket # 111.

Dated: New York, New York
       March 25, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

2